[Crim. No. 1058. First Appellate District, Division Two.—May 2, 1922.]

In the Matter of ROBERT JARVIS on Habeas Corpus.

[1] CONTEMPT OF COURT—ATTEMPT TO INFLUENCE JUROR—SUFFICIENCY OF AFFIDAVIT. — An affidavit of a juror in a criminal action charging that the complaining witness in such action at a noon adjournment accosted the affiant and a fellow-juror on the street and stated, "You fellows should acquit that fellow," is sufficient to sustain a judgment of contempt for attempt to influence a juror.

PROCEEDING on Habeas Corpus to secure release from custody for contempt. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Gilman & Harnden for Petitioner.

Ezra W. Decoto, S. P. Wittschen and Chas. W. Snook for Respondents.

LANGDON, P. J.—This matter comes before us on a petition for a writ of *habeas corpus*. The petition states that the petitioner is unlawfully imprisoned, detained, confined, and restrained of his liberty by Frank Barnett, sheriff of the county of Alameda, state of California, at the county jail in the city of Oakland, county of Alameda, state of California, by virtue of an order of the superior court of the state of California in and for the county of Alameda, adjudging petitioner in contempt of court for a violation of an order of said court and in interfering with the processes of said court. Petitioner alleges that the order committing said Robert Jarvis is in excess of the jurisdiction of said superior court; that the said affidavit or complaint upon which the original proceeding is based is insufficient in that said affidavit fails to allege that the said Robert Jarvis had any knowledge that said Katrina Wassman was a jury-woman in the case then before said court at said time, and further, that said Robert Jarvis had any knowledge of any orders issued to said jurymen

in said matter, or intended to violate any orders or proceedings of said court; that said affidavit wholly fails to state that said Robert Jarvis intended or did influence the decision of said jury-woman or said jury in any manner whatsoever or at all; further, that the evidence introduced upon the hearing of said contempt proceedings wholly fails to substantiate the charge set forth in said affidavit in whole or in part.

The affidavit in the contempt proceedings was made by Katrina Wassman, who was serving as a juror in a case then pending before the superior court of Alameda County, and, omitting the title and prayer of the affidavit, it is as follows:

"Mrs. Katrina Wassman, being duly sworn, deposes and says:

"That she is a citizen of the United States and of the State of California, over the age of twenty-one years;

"That on the 14th day of February, 1922, Robert Jarvis swore to a complaint against one Peter Martiolli in the Police Court of the City of Oakland charging said Martiolli with the commission of felony, to-wit, burglary; that on the 24th day of February, 1922, said Peter Martiolli was duly and regularly held to answer on said charge of burglary to the above entitled Court by the Honorable Mortimer Smith, Judge of said Police Court; that said action was thereafter immediately transferred to the above entitled Court and assigned to Department No. 5 thereof; that ever since said time said action has been and is now pending in said Court and said Department, and is entitled 'People of the State of California vs. Peter Martiolli, No. 8196';

"That on the 30th day of March, 1922, in the above entitled Court a jury was duly impaneled and sworn to try said cause, and that affiant and Marie Dorffel were two of said jurors so impaneled and sworn; that said cause proceeded to trial on said 30th day of March, 1922; and that during said trial on said date said Robert Jarvis was called as a witness for the People and gave testimony in said cause;

"That thereafter on said date, to-wit, during the regular noon recess at about 12:10 P. M., and before said cause was submitted to the jury for their verdict and before said

jury was discharged, the said Robert Jarvis approached affiant on the steps of the Court House in said County of Alameda, State of California, as affiant was leaving said building; that the said Robert Jarvis at said time and place made remarks to affiant, the exact purport and meaning of which affiant cannot state;

"That the said Robert Jarvis thereupon followed said affiant across from the West side of Broadway, Oakland, California, to the East side of Broadway, Oakland, California, where affiant seated herself in the automobile of a fellow jury woman, to-wit, Mrs. Marie Dorffel, said Marie Dorffel having been duly sworn, examined and accepted as a juror in the said case of the People of the State of California vs. Peter Martiolli; that while affiant was seated in said automobile as aforesaid Robert Jarvis stood by the side of said automobile and stated to affiant that if he had known the identity of the defendant he would never have sworn to the complaint in this case and addressing himself to said affiant and said Marie Dorffel the said Robert Jarvis said, 'You fellows should acquit that fellow.' "

Upon this affidavit this matter came on regularly to be heard before the superior court, and after many witnesses, together with the petitioner, were examined in open court, and after hearing the arguments of counsel, the court made findings of fact and an order of commitment as follows:

"The above entitled matter coming on regularly to be heard the 11th day of April, A. D. 1922, and being heard on said 11th day of April, A. D. 1922, and upon the 12th and 17th days of April A. D. 1922, after continuances regularly had upon an order to show cause heretofore and on the 3rd day of April A. D. 1922, made and issued by this court requiring the above named Robert Jarvis to appear before said Court, Department No. 5 thereof on said 11th day of April, A. D. 1922, then and there to show cause why he should not be punished for contempt of court as alleged and set forth in a certain affidavit made and filed in the above entitled action in said court by one Katrina Wassman on said 3rd day of April A. D. 1922, and said Robert Jarvis being personally present in court and the above entitled court having called said matter for hearing and trial, and witnesses having appeared and having been sworn, and having testified in support of said question of

contempt alleged in said affidavit of Katrina Wassman and for and on behalf of said Robert Jarvis and the said evidence and the whole thereof and the law pertaining to said matter having been duly and fully considered by the above entitled· court and it appearing to the said court and the court now finding as follows, to-wit:

"That on the 14th day of February, 1922, Robert Jarvis swore to a complaint against one Peter Martiolli in the Police Court of the City of Oakland, charging said Martiolli with the commission of felony, to-wit, burglary; that on the 24th day of February, 1922, said Peter Martiolli was duly and regularly held to answer on said charge of burglary to the above entitled court by the Honorable Mortimer Smith, Judge of said Police Court; that said action was thereafter immediately transferred to the above entitled court and assigned to Department Number Five (No. 5) thereof; that ever since said time said action has been and is now pending in said court and said Department, and is entitled 'People of the State of California vs. Peter Martiolli, No. 8196';

"That on the 30th day of March, 1922, in the above entitled court, a jury was duly impaneled and sworn to try said cause, and that Katrina Wassman and Marie Dorffel were two of said jurors so impaneled and sworn; that said cause proceeded to trial on said 30th day of March, 1922;

"That during said trial on said date and while said Katrina Wassman and said Marie Dorffel were sitting as jurors in said cause said Robert Jarvis was called as a witness for the People of the State of California, and gave testimony in said cause; that said Robert Jarvis knew that said Katrina Wassman and said Marie Dorffel were jurors in the said cause of the People of the State of California · vs. Peter Martiolli; that upon the completion of his said testimony said Robert Jarvis remained within the court-room where the trial of the said cause was being conducted;

"That thereafter on said date, to-wit, at about 12:10 o'clock p. m., the Court took a recess until 2 o'clock p. m.; that immediately previous to taking said recess the jury so impaneled to try said cause was instructed and admonished by the Court that it was their duty not to converse among themselves or with anyone else on any subject connected with the trial, nor to form or express any opinion thereon

until the cause was finally submitted to them; whereupon said jury was excused until the hour of 2 o'clock p. m. of said day; that said Robert Jarvis at the time of said admonition was personally present in the courtroom;

"That thereafter on said date, to-wit, during the regular noon recess at about 12:10 p. m., and before said cause was submitted to the jury for their verdict and before said jury was discharged, the said Robert Jarvis was approached by Katrina Wassman, said juror on the steps of the Court House in said County of Alameda, State of California, as said Katrina Wassman was leaving said building; that the said Robert Jarvis at said time and place made certain remarks to Katrina Wassman, said juror, concerning the trial of said cause of People of the State of California vs. Peter Martiolli, defendant;

"That said Robert Jarvis thereupon followed said Katrina Wassman, said juror, across from the West side of Broadway, Oakland, California, to the East side of Broadway, Oakland, California, where said Katrina Wassman seated herself in the automobile of a fellow jury woman, to-wit, Mrs. Marie Dorffel, said Marie Dorffel having been duly sworn, examined and accepted as a juror in the said case of the People of the State of California vs. Peter Martiolli; that while said Katrina Wassman said juror was seated in said automobile as aforesaid, Robert Jarvis stood by the side of said automobile and stated to said Katrina Wassman that if he had known the identity of the defendant he would never have sworn to the complaint in said case, and addressing himself to the said Katrina Wassman, said juror, and said Marie Dorffel, the said Robert Jarvis said 'If I had known that Martiolli was the man I wouldn't have had him arrested,' and further said 'You fellows should acquit that fellow';

"Now THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that said Robert Jarvis be and he is hereby declared to be guilty of contempt of this court in the following particulars to-wit, in that the said Robert Jarvis, the said witness, then and there on the 30th day of March, 1922, in the manner aforesaid, unlawfully and wilfully interfered with the proceedings of this court in the trial of the cause hereinabove named, and disobeyed the order of this court in the manner aforesaid, in that the said Robert Jarvis, said witness,

did corruptly attempt to influence said Katrina Wassman, said juror, in respect to her verdict in and decision of said cause and proceeding pending before her by means of oral communications had with her except in the regular course of proceedings by means of persuasion and entreaty as hereinabove set forth; and now, whereas said Robert Jarvis has been duly adjudged guilty of contempt as hereinabove set forth,

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant Robert Jarvis pay a fine of $200.00 and that if he fail to pay said fine he be imprisoned in the County Jail of the said County of Alameda until the fine be satisfied in the proportion of One (1) days imprisonment for every $2.00 of said fine."

[1] We think that the facts found by the court are amply sufficient to sustain the charge of contempt of court, and the only question in the case is as to the sufficiency of the affidavit to give the court jurisdiction. While it is true there is no express averment in the affidavit that petitioner knew that Mrs. Wassman was a juror in the case before the court, nor an express averment that petitioner intended to influence the decision of said juror, we think upon the face of the affidavit the knowledge of petitioner that Mrs. Wassman was a juror and the intention of petitioner to influence her decision in the matter then pending before the jury sufficiently appear. The affidavit shows that petitioner was the complaining witness in the case pending before the court; that on the same day that he gave his testimony in the case he followed the juror Wassman from the courthouse across Broadway Street, where she was seated in an automobile, and stated to said juror: "You fellows should acquit that fellow." As was said in *Ex parte Creely*, 8 Cal. App. 713, 719 [97 Pac. 766, 768]: "It was not necessary for the affidavit on which the proceedings were based to state any more than the facts, and they appear to be fully stated. The fact that the petitioner called out to the jury in a distinct tone of voice, 'Don't convict my friend Ruef,' appears to be all the fact that could be stated. No one but petitioner could look into his mind and tell the intent, object, and purpose of the remark. The remark itself from its very language tends to establish that petitioner knew Ruef was on trial,

that the jury to whom the remark was made had charge of the case, and the power to either convict or acquit. Petitioner saw the jury and the deputy sheriffs in charge of them—four in number—and knew that Ruef was being tried. He must be presumed to have intended the ordinary consequences of his own deliberate act." So in the instant matter, the language set forth in the affidavit, "You fellows should acquit that fellow," can convey no other meaning than that the person to whom it was addressed was a juror in the case, and the language clearly shows an intention to influence the decision of the juror. The cases cited by petitioner do not overrule *Ex parte Creely, supra,* and under the authority of that case the affidavit was sufficient to confer jurisdiction upon the court, and the findings of the court show a clear case of contempt.

The writ is discharged and the prisoner remanded to the custody of the sheriff of Alameda County.

Sturtevant, J., and Nourse, J., concurred.